Mason *v.* Tallman.

MASON, *Administrator, versus* TALLMAN.

There are cases, in which a party may, *by his own affidavit,* show to the *Court* that a paper has been lost, in order to the introduction of secondary evidence to prove its contents.

In no case, however, is such an affidavit receivable as evidence of any fact for the consideration of the *jury.*

When a question, made by one party, has been but partly answered by the witness, the residue of the answer may be elicited on inquiries by the other party.

An inference founded upon hearsay is no more admissible in evidence, than a fact obtained in like manner would be.

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J. presiding.

ASSUMPSIT. The first count was for $4000, money had and received of the intestate. The second count charged that at different times the intestate had lent and advanced to the defendant various sums, amounting in all to $4000, for which the defendant had given his promissory notes, yet unpaid and now lost by inevitable accident. The third count charged the same loans, and that notes were given therefor, and that the intestate was afterwards drowned at sea by the foundering of the ship Michigan, upon which occasion the notes were lost and destroyed. At the commencement of the trial the last two counts were stricken out. A witness for the plaintiff, testified that the plaintiff's intestate, was a shipmaster, and sailed with his wife for Europe upon a voyage from which neither he or the wife or the ship ever returned ; that just prior to sailing upon the voyage, he placed $200 in the hands of the witness for the defendant, which

amount he paid over to the defendant. The defendant's counsel interposed a question, "whether Tallman gave any receipt or note for that sum." The witness answered; "I sent him the money in a draft in a letter," and produced a paper which he exhibited to the *defendant's* counsel. The witness then proceeded to mention the date of the paper, and the *plaintiff* asked him if that paper was the defendant's acknowledgment of having received the draft. To this inquiry the defendant's counsel objected, but it was allowed, and the witness testified that it was.

The plaintiff offered his own affidavit, stating substantially, that he was sole heir at law of the intestate, and that having reason to believe that the intestate, at the time of his decease, was possessed of sundry notes and evidences of debts, being part of his estate, he, the affiant, had made diligent search for any such notes or written evidences of debt, signed by the defendant; that he had inquired at the banks and of the relatives of the intestate and of other persons, with whom any of the intestate's effects had been left or were likely to have been left, and at all places where he had reason to suppose that any such effects might have been left or deposited, but had been unable to find any. To the admission of this affidavit, the defendant objected, but it was received, and was read to the jury.

The verdict was for the plaintiff, and the defendant excepted.

*Shepley* and *Dana*, for the defendant.

1. The witness testified to the contents of a paper, and gave his opinion of its effect. Such evidence is inadmissible. The paper should have been produced. 1 Greenl. on Ev. § 463, 82, 83, 84, 88, 90 and notes. It was not upon the defendant's but upon the plaintiff's inquiry, that this evidence was given, and against the defendant's objection. Except in answer to that inquiry, there was no evidence that the defendant had received any money.

2. The affidavit of plaintiff should not have been read. It was not offered to the Court, to lay the foundation for the

introduction of secondary evidence of the contents of a lost paper; but as independent and original evidence to satisfy the jury that no such paper was in existence; thus making the plaintiff of record, and in interest, a witness in his own case, and in such a manner that defendant had no opportunity for cross-examination.

This affidavit contains the only evidence in the case to rebut the presumption that a note was outstanding against defendant for this very sum. The plaintiff's neglect to furnish himself with other testimony in regard to the matters stated in the affidavit, does not render his own admissible.

"It is not of the usual course of business, and there must be something peculiar and extraordinary in the circumstances of the case, which would justify the Court in admitting the oath of the party." See opinion of ROGERS, J., in *Clark* v. *Spence*, 10 Watts, 335, cited in 1 Greenl. on Ev. 348, n. See also *Tayloe* v. *Riggs*, 1 Pet. 596 – 7.

*W. P. Fessenden* and *Barnes*, for the plaintiff.

1. One exception is to that part of the witness' testimony, which stated that "the paper was an acknowledgment by defendant of the receipt of the draft." But this was a paper, not called for by the plaintiff. His testimony was complete without it. When called out by the defendant, our inquiry was simply to show that the paper was *inter alios*. Our inquiry was not made till defendant had proved that a receipt had been given. We did not inquire for the contents. Even if it had been a receipt to Mason, it would be rather the discharge, than the evidence of a debt. The testimony was therefore immaterial.

2. The direction given by the intestate to the witness as to the disposal of the money, was rightly admitted, as a part of the *res gestæ*.

3. The admission of the affidavit was justified by the peculiarity of the case.

Testimony of indebtedness being put in, the presumption would have arisen from the nature of the case, that the "evi-

dence of debt" was within the control of plaintiff personally. The affidavit went only to displace that presumption.

Had not the plaintiff purged himself by affidavit, the jury would naturally have presumed the "evidence of debt" to be in his possession. There was no other way to prevent it.

For such a purpose merely, the affidavit may be as proper to the jury as in the ordinary case to the Court, for the introduction of secondary evidence.

The affidavit did not tend to the prejudice of defendant. It did not tend to prove that Tallman owed, but rather the contrary. Not that no "evidence of debt" was taken, but only that it was not within the control or reach of plaintiff personally.

If not prejudicial to defendant, then not exceptionable. Dodge v. Greely, 31 Maine, 344.

The merely inferential tendency, if any, that, because plaintiff could not find the "evidence," therefore none was taken, was too remote and slight to have affected the jury.

Tenney, J. — In answer to a question interposed by the defendant's counsel, whether a note or receipt was taken for the sum, which he had before stated on the plaintiff's examination, he had paid to the defendant, the witness said, that he sent the money in a draft, in a letter to the defendant, and he exhibited a paper to the defendant's counsel. Whereupon the inquiry was made in behalf of the plaintiff, if that was the defendant's acknowledgment of the receipt of the draft, which the Court allowed against the defendant's objection. The witness did not attempt to give the contents of the paper exhibited further than was demanded by the question of the defendant. The witness' full affirmative reply to that question, when he produced the paper, by supplying the elipsis, would be, "the defendant did give me a receipt for the sum." The answer as given to the plaintiff's question is substantially, "this, (referring to the same paper) is the acknowledgment by the defendant of the receipt of the draft." The latter was

not an improper answer to the defendant's question, and cannot have been incompetent evidence, when that question had not been fully answered, till the question of the plaintiff had called it out.

The direction given by the plaintiff's intestate to the witness, at the time he placed the money in his hands, were clearly a part of the *res gestœ*, and therefore admissible, and this ground of exception does not seem to be relied upon by the defendant.

The plaintiff's affidavit, allowed to be read to the jury, was incompetent, the defendant objecting. A party may sometimes show the loss of a paper in this mode to the Court, in order that the secondary evidence may be introduced, but it is not admissible as facts for the consideration of the jury. It was read in this case, to show that written evidence of the plaintiff's alleged indebtedness did not exist. This was thought by the plaintiff's counsel at the trial, to be material, or it would not have been adduced. It was in no respect different from that which would have come from a person shown to have been the depositary of the intestate's papers. The affidavit also states, that inquiries were made of persons, supposed by the plaintiff to have had possession of the papers of his intestate, and he was unable to find them, implying, that those of whom he inquired could give no account of such papers. There is nothing showing, that the plaintiff made any personal examination of the papers of the persons, of whom he sought information, and the inference is, that he was informed by them, that such papers were not in their possession. An inference founded upon hearsay, is not more admissible than a fact obtained in like manner.

*Exceptions sustained, new trial granted.*

NOTE. — WELLS and HOWARD, J. J., on account of relationship to the parties, took no part.